IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| U-Haul Company of Missouri,<br><br>      Plaintiff,<br><br>  v.<br><br>L.T. Davis,<br><br>      Defendant. | No. 4:18-cv-00843-NKL |

**ORDER**

Plaintiff U-Haul Company of Missouri has moved to compel arbitration and for a preliminary and permanent injunction and declaratory judgment. Although the time has passed for defendant L.T. Davis to respond to U-Haul's complaint and motion, no response has been filed. For the reasons discussed below, U-Haul's unopposed motion to compel arbitration is granted, but its requests for injunctive and declaratory relief are denied.

**I.   BACKGROUND**

    a.  **The Arbitration Agreement**

On or about July 24, 2015, Davis electronically executed and acknowledged the Employment Dispute Resolution Policy ("EDR"). EDR, Doc. 3-1, p. 3. The EDR specified that Davis's "<u>decision to accept employment or to continue employment with U-Haul Company of Missouri constitutes [his] agreement to be bound by the EDR</u>." *Id.*, p. 1.

The EDR contains the U-Haul Employee Agreement to Arbitrate ("Arbitration Agreement"), requiring "final and binding arbitration" of "any and all claims and disputes (except for charges filed with the National Labor Relations Board) that are related in any way to [Davis']

1

employment or the termination of [his] employment with U-Haul Company of Missouri." *Id.*, p. 3. Among the "[e]xamples of the type of disputes or claims covered by the EDR" are claims for "employment discrimination, harassment or retaliation under . . . Title VII of the Civil Rights Act of 1964 and its amendments" and "state fair employment and housing acts or any other state or local antidiscrimination laws . . . ." *Id.*, p. 1.

### b. The Employment Dispute

U-Haul states that, on or about June 26, 2017, Davis filed an administrative complaint with the Kansas City Human Rights Commission and the Equal Employment Opportunity Commission, alleging unlawful discrimination on the basis of race and retaliation by U-Haul. Doc. 3, p. 4. On November 5, 2018, the KCHRC closed Davis's case and issued a notice of right to sue. Doc. 13, p. 4. U-Haul then voluntarily dismissed its claims against the other defendants in this case. Doc. 10; Doc. 13, p. 4.

## II. DISCUSSION

### a. Motion to Compel

"When a party moves to compel arbitration, [the Court's] role is to . . . determine whether there is a valid agreement to arbitrate and whether the specific dispute at issue falls within the substantive scope of that agreement." *Larry's United Super, Inc. v. Werries*, 253 F.3d 1083, 1085 (8th Cir. 2001) (quotation marks and citation omitted). The FAA "leaves no place for the exercise of discretion by the district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985); *see also Torres v. Simpatico, Inc.*, 781 F.3d 963, 968-69 (8th Cir. 2015) ("If a valid and enforceable arbitration agreement exists under

state-law contract principles, any dispute that falls within the scope of that agreement must be submitted to arbitration.").

An arbitration agreement is valid and enforceable under the FAA when it is (1) in writing, (2) part of a contract or transaction involving interstate commerce, and (3) valid under general principles of contract law. *See* 9 U.S.C. § 2 ("A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.").

### 1. Whether the Arbitration Agreement Is In Writing

The EDR and Arbitration Agreement are in writing, and Davis appears to have electronically signed the document. *See* Doc. 3-1, p. 3. Davis, having failed to answer the complaint and to oppose the motion to compel arbitration, has not denied that he signed the agreement.

### 2. Whether the Contract Involved Interstate Commerce

The phrase "involving commerce" is "broad" and "coincide[es]" with the extent of Congress' power under the commerce clause. *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 274-75, 115 S. Ct. 834, 839-40 (1995). U-Haul is part of a system that rents trucks, trailers, and other equipment that frequently cross state lines and that provides services in multiple states. Doc. 3, p. 7. Because its "employees or materials crossed state lines," it has been engaged in interstate commerce. *Kansas City Urology, P.A. v. United Healthcare Services*, 261 S.W.3d 7, 10 (Mo. Ct. App. W.D. 2008) (quotation marks and citation omitted). The employment contract here does not appear to fall within the exemption for transportation workers in Section 1 of the FAA. 9 U.S.C. § 1; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118 (2001) ("§ 1

exempts from the FAA only employment contracts of transportation workers."). Therefore, the agreement involves interstate commerce.

### 3. Whether the Arbitration Agreement Is Valid and Enforceable Under Principles of Missouri Contract Law

Under Missouri law, a valid contract requires an offer, acceptance, and consideration. *See Johnson v. McDonnell Douglas Corp.*, 745 S.W.2d 661, 662 (Mo. 1988) ("The essential elements of a valid contract include offer, acceptance, and bargained for consideration."); *Jay Wolfe Used Cars of Blue Springs, LLC v. Jackson*, 428 S.W.3d 683, 688 (Mo. Ct. App. 2014) ("The elements required to form a valid contract in Missouri are 'offer, acceptance, and bargained for consideration.'") (quotation marks and citation omitted). The Arbitration Agreement promised new or continued employment to Davis in exchange for his promise to arbitrate disputes. U-Haul had the right to require arbitration of disputes as a condition of Davis' employment. *See Kunzie v. Jack-In-The-Box, Inc.*, 330 S.W.3d 476, 485 (Mo. Ct. App. 2010) ("Respondent had a right to impose an arbitration policy as a new condition of employment."). Davis accepted the offer by electronically signing the document. The arbitration provision is mutual. *See* Doc. 3-1, p. 1 ("This mutual obligation to arbitrate claims means that both you and U-Haul are bound to use the EDR as the only means of resolving any employment-related disputes."). Thus, there was an offer, acceptance, consideration, and mutuality. Davis has not opposed the motion or answered the complaint, let alone charged that he did not sign the Arbitration Agreement or that it was the product of fraud, duress, or unconscionability. *Cf. Robinson v. Title Lenders, Inc.*, 364 S.W.3d 505, 515 (Mo. Banc 2012) ("An arbitration agreement could be declared unenforceable if a generally applicable contract defense, such as fraud, duress, or unconscionability, applied to concerns raised about the agreement."). On the record presented, the Court cannot but conclude that the Arbitration Agreement is a valid and enforceable contract.

The Court's conclusion finds support in other Missouri cases that have found the very same Arbitration Agreement to be valid and enforceable. *See* Doc. 3-3, *Chaparro v. U-Haul Co. of Missouri*, No. 1616-CV24939, (Mo. Cir. Ct. Oct. 16, 2017) (ordering plaintiff to arbitrate her claims pursuant to arbitration agreement); Doc. 3-2, *Bailey v. U-Haul Co. of Mo., Inc.*, No. 1216-CV09826 (Mo. Cir. Ct. Dec. 14, 2012) (finding that plaintiff electronically signed the arbitration agreement and that agreement was valid and "not subject to revocation under applicable contract principles," and ordering parties to proceed to arbitration).

### 4. Whether the Dispute Falls Within the Scope of the Agreement

The Arbitration Agreement "covers all disputes relating to or arising out of employment with U-Haul Company of Missouri or the termination of that employment." Doc. 3-1, p. 1. The subject of Davis' administrative complaint, allegations of unlawful employment discrimination on the basis of race and retaliation, thus falls within the scope of the agreement to arbitrate. *See Karzon v. AT & T, Inc.*, No. 13-CV-2202 CEJ, 2014 WL 51331, at *1, *2, *4 (E.D. Mo. Jan. 7, 2014) (finding that plaintiff's claim that he was unlawfully terminated because of his religion, ethnicity, and national origin fell within the scope of an arbitration agreement that covered discrimination claims arising under federal and state laws).

\* \* \*

Because the Arbitration Agreement is valid and enforceable and covers Davis's employment discrimination and retaliation claims, those claims "must be submitted to arbitration." *Torres*, 781 F.3d at 968-69.

### b. Request for Preliminary Injunction

U-Haul originally sought a preliminary injunction, asserting that it would be irreparably harmed if "KCHRC and its officers are not enjoined from adjudicating UHM's claims . . . ." Doc.

5

3, p. 15. However, because KCHRC is no longer adjudicating UHM's claims, the request for a preliminary injunction is moot.

### c. Request for Declaratory Relief

U-Haul also purported to seek a declaration "that the FAA preempts any Missouri law conferring jurisdiction on any state agency to decide issues that are the subject of Plaintiff's arbitration agreement with Davis . . . ." Doc. 3, p. 17. However, U-Haul made no argument, beyond conclusory demands for relief, as to why it is entitled to such a declaration. *See, generally,* Doc. 3. For this reason, and in light of the fact that the state administrative proceeding has ended, the Court denies the request for declaratory relief.

## III. CONCLUSION

For the foregoing reasons, U-Haul's motion to compel arbitration is GRANTED. U-Haul's requests for injunctive and declaratory relief are DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: December 4, 2018
       Jefferson City, Missouri